```
                IN THE UNITED STATES DISTRICT COURT FOR THE
                       EASTERN DISTRICT OF OKLAHOMA
```

BILLY J. TUCKER,                )
                                )
            Plaintiff,          )
                                )
v.                              )     Case No. CIV-14-356-FHS-KEW
                                )
CAROLYN W. COLVIN, Acting       )
Commissioner of Social          )
Security Administration,        )
                                )
            Defendant.          )

## REPORT AND RECOMMENDATION

Plaintiff Billy J. Tucker (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on December 23, 1955 and was 56 years old at the time of the ALJ's decision. Claimant completed his education through the tenth grade with special education classes. Claimant states that he can read some, he is not good at writing and spelling, and he has trouble with math. Claimant has worked in the past as a concrete finisher and oil field roustabout. Claimant

3

alleges an inability to work beginning January 1, 2008 due to limitations resulting from pain in his neck, shoulders, back, arms, hands, hips, knees, and ankles.

## Procedural History

On October 21, 2010, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On November 20, 2012, Administrative Law Judge ("ALJ") Doug Gabbard, II conducted an administrative hearing presiding in McAlester, Oklahoma while Claimant appeared by video in Fort Smith, Arkansas. On January 25, 2013, the ALJ issued an unfavorable decision. The Appeals Council denied review of the decision on July 22, 2014. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step two of the sequential evaluation. He determined that Claimant did not suffer from any severe impairments that significantly limited the ability to perform basic work-related activities.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to

fairly and fully develop the record; (2) finding Claimant's medically determinable impairments non-severe; and (3) reaching a flawed credibility determination.

**Duty to Develop the Record**

In his decision, the ALJ determined Claimant suffered from the medically determinable impairments of skin cancer, poor vision, tobacco abuse, and borderline intellectual functioning. (Tr. 26). The ALJ found that none of these conditions represented severe impairments which limited Claimant's ability to perform basic work-related activities for 12 consecutive months. (Tr. 27). As a result, the ALJ found Claimant was not under a disability at any time from January 1, 2008 through September 30, 2011, the date last insured. (Tr. 32).

Claimant contends the ALJ did not fully and fairly develop the record. Specifically, Claimant argues the ALJ should have contacted his treating physician, Dr. Thomas H. Conklin, Jr. to obtain more information about the medical source statement which he authored on November 11, 2011. In this statement, Dr. Conklin opined that Claimant could sit for 30 minutes at one time and stand/walk for 25 minutes at one time. During an 8 hour workday, Claimant could sit, stand, and/or walk for 1 hour. Dr. Conklin stated that Claimant needed a cane to stand, walk, and balance and

5

would need to take rest breaks at hourly intervals. Claimant would also need to alternate between sitting and standing at 15 minute intervals. Dr. Conklin estimated that Claimant could bilaterally lift/carry 0-5 pounds occasionally, 6-10 pounds rarely, and never lift over 10 pounds. (Tr. 262-63). Claimant's legs were limited in the operation of leg or foot controls. He could rarely push/pull bilaterally and never work in extended position, work above shoulder level, or work overhead. He could rarely reach. Claimant could rarely grasp with either hand and rarely engage in fingering or fine manipulation bilaterally. Claimant could rarely bend, squat, or kneel and never crawl, stoop, or crouch. (Tr. 263). Dr. Conklin determined Claimant could rarely balance or climb stairs but never climb ladders, ramps, or scaffolds. He was to completely avoid unprotected heights, dangerous moving machinery, exposure to extreme temperature and humidity, exposure to respiratory irritants, and drive or ride in automotive equipment. Claimant was found to have marked restrictions in handling vibrating tools, being exposed to high noise levels, or activities requiring fine visual acuity. (Tr. 264).

In his examinations, Dr. Conklin found Claimant showed evidence of chronic bronchitis and probable COPD. (Tr. 257). Dr. Conklin referred Claimant to seek social security due to his lung

6

problems. (Tr. 258).

The ALJ found that Dr. Conklin's opinion was much more restrictive regarding Claimant's functionality than evidenced by the medical record or Claimant's daily activities. He opined that Dr. Conklin "may have relied too heavily on the claimant's subjective (sic) and been overly sympathetic due to his relationship with the claimant." Accordingly, the ALJ gave the opinion "little weight." (Tr. 30).

Generally, the burden to prove disability in a social security case is on the claimant, and to meet this burden, the claimant must furnish medical and other evidence of the existence of the disability. Branam v. Barnhart, 385 F.3d 1268, 1271 (10th Cir. 2004) citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987). A social security disability hearing is nonadversarial, however, and the ALJ bears responsibility for ensuring that "an adequate record is developed during the disability hearing consistent with the issues raised." Id. quoting Henrie v. United States Dep't of Health & Human Services, 13 F.3d 359, 360-61 (10th Cir. 1993). As a result, "[a]n ALJ has the duty to develop the record by obtaining pertinent, available medical records which come to his attention during the course of the hearing." Id. quoting Carter v. Chater, 73 F.3d 1019, 1022 (10th Cir. 1996). This duty exists even when a

7

claimant is represented by counsel. <u>Baca v. Dept. of Health & Human Services</u>, 5 F.3d 476, 480 (10th Cir. 1993). The court, however, is not required to act as a claimant's advocate. <u>Henrie</u>, 13 F.3d at 361.

In this case, the ALJ essentially rejected or gave considerably reduced weight to the opinion of a treating physician based upon a finding that it was inconsistent with the medical record. More troubling, however, is the speculation that Dr. Conklin "may have" relied "too heavily" upon Claimant's subjective statements and been "sympathetic" to Claimant because of their "relationship." This statement smacks of the old "treating physician's report appears to have been prepared as an accommodation to a patient" statement that has been roundly rejected as a basis for reducing the controlling weight normally afforded a treating physician's opinion. <u>Miller v. Chater</u>, 99 F.3d. 972, 976 (10th Cir. 1996) citing <u>Frey v. Bowen</u>, 816 F.2d 508, 515 (10th Cir. 1987). The ALJ was obligated to re-contact Dr. Conklin to ascertain the basis for the functional limitations found by him rather than speculate. <u>McGoffin v. Barnhart</u>, 288 F.3d 1248, 1252 (10th Cir. 2002). Moreover, the ALJ specifically states that formal testing was lacking to ascertain the level of Claimant's literacy and comprehension. (Tr. 29). On remand, the ALJ shall

order appropriate testing on this issues and employ an appropriate consultative examiner should the record be insufficient to determine his functional limitations in this regard, as he appears to admit in his decision.

**Step Two Analysis**

Claimant next contends the ALJ employed the wrong standard in evaluating Claimant's limitations in literacy and comprehension. In his decision, the ALJ found that the lack of formal testing in these areas lead him to conclude Claimant may have some limitations but that "they are not significant enough to preclude the claimant from all work activity." (Tr. 29).

At step two, Claimant bears the burden of showing the existence of an impairment or combination of impairments which "significantly limits [his] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c). An impairment which warrants disability benefits is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(1)(D). The severity determination for an alleged impairment is based on medical evidence alone and "does not include consideration of such factors as age, education, and work experience." Williams v. Bowen, 844 F.2d 748,

750 (10th Cir. 1988).

The burden of showing a severe impairment is "de minimis," yet the presence of a medical condition alone is not sufficient at step two. <u>Hinkle v. Apfel</u>, 132 F.3d 1349, 1352 (10th Cir. 1997); Soc. Sec. R. 85-28. A claimant must demonstrate he has a severe impairment that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(1)(D).

A claimant's testimony alone is insufficient to establish a severe impairment. The requirements clearly provide:

> An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all evidence required to be furnished under this paragraph (including statements of the individual or his physician as to the intensity and persistence of such pain or other symptoms which may reasonably be accepted as consistent with the medical signs and findings), would lead to a conclusion that the individual is under a disability. Objective medical evidence of pain or other symptoms established by medically acceptable clinical or laboratory techniques (for example, deteriorating nerve or muscle tissue) must be considered in reaching a conclusion as to whether the individual is under a disability.

> 42 U.S.C.A. § 423(d)(5)(A).

The functional limitations must be marked and severe that can

be expected to result in death or to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(1)(C)(i); 20 C.F.R. § 416.927(a)(1).

This Court is unsure how the ALJ was able to conclude that the lack of testing demonstrated some limitation but that the limitation was not sufficiently severe. Without the testing, the ALJ had no basis for this conclusion. On remand, the ALJ shall re-evaluate this impairment and order additional testing in order to ascertain whether the "de minimis" showing has been made to establish a severe impairment.

### Credibility Determination

Claimant contends the ALJ's credibility analysis was done as an "afterthought" in the decision. Indeed, the ALJ appears to accept many of Claimant's statements concerning the effectiveness of medication and his activities of daily living but rejects the statements concerning "intensity, persistence, and limiting effects" of his symptoms. (Tr. 29-30). It is completely unclear which statements the ALJ finds credible and which he does not.

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such,

11

will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3. It must be noted that the ALJ is not required to engage in a "formalistic factor-by-factor recitation of the evidence." Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000). As the opinion stands, the affirmative link between the evidence and the findings on credibility is lacking. On remand, the ALJ shall clarify as to the specific deficiencies in Claimant's credibility.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not

12

applied.  Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order.  The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief.  Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 10th day of September, 2015.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE